# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

COLIN B. WILLIAMS, JR. #253-434      *

Plaintiff                             *

v                                     *      Civil Action No. ELH-17-1058

STATE OF MARYLAND,                    *
BALTIMORE COUNTY DEPARTMENT
  OF CORRECTIONS,                     *

Defendants                            *
                                    ***

## MEMORANDUM

Colin B. Williams, Jr. is a pretrial detainee confined at the Baltimore County Detention Center in Towson, Maryland. On April 17, 2017, Williams, who is self-represented, filed a complaint challenging the legality of his detention and a motion for leave to proceed in form pauperis. ECF 1; ECF 2. Williams's financial information indicates he is indigent, and the motion to proceed in forma pauperis (ECF 2) will be granted.

Williams claims that his confinement for more than 235 days while awaiting trial on charges of attempted first-degree murder and use of a firearm violates his rights under the Fourth, Fifth, Eighth, Thirteenth, Fourteenth, and Fifteenth Amendments to the United States Constitution. ECF 1 at 2. I take judicial notice that the Maryland Judiciary Casesearch website shows that Williams is also charged in the Circuit Court for Baltimore County in case number 03K16004785 with first-degree assault, reckless endangerment, and possession of a firearm by a felon. A trial has been set for June 26, 2017. *See* http://casesearch.courts.state.md.us/casesearch/inquiry Detail.jis?caseId=03K16004785&loc=55&detailLoc=K (last visited April 20,

2017).[1] As relief, Williams seeks his release, $1,000 for each day he has been detained,[2] and an order to "cease and desist" detention of persons accused of committing a crime in Baltimore County.

## DISCUSSION

Under 28 U.S.C. § 1915(e), which governs in forma pauperis filings, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston County., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). Although a self-represented plaintiff's pleadings are liberally construed to allow the development of a potentially meritorious case, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), the complaint must articulate facts that, when accepted as true, demonstrate a claim to relief that is plausible on its face. *See Weller v. Dep't of Social Services. for City of Baltimore.*, 901 F.2d 387, 391 (4th Cir. 1990) (dismissing pro se complaint that fails to allege any factual basis for the claims); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678: *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Williams's claims will be dismissed under this standard for several reasons.

First, "[t]he substantive law of Maryland determines whether an entity possesses the legal capacity to be sued." *Farmer v. Baltimore County Department of Corrections, et al.*, CCB-11-

---

[1] The court may take judicial notice of factual information located in postings on government websites. *See Hall v. Virginia*, 385 F.3d 421, 423 at n. 3 (4th Cir. Sept. 22, 2004).

[2] Williams states he has been discriminated against and made to suffer harsh conditions, but provides no allegations of fact in support of this claim.

2126, 2012 WL 3155650 at *3 (D. Md. July 31, 2012) (citing *Chrysler Credit Corp. v. Superior Dodge, Inc.,* 538 F.2d 616, 617–18 (4th Cir. 1976)). The Baltimore County Department of Corrections is a department within Baltimore County's administrative structure and lacks the capacity to be sued. *Cf. Ashburn v. Anne Arundel County*, 306 Md. 617, 620, 510 A.2d 1078, 1079 (1986) (observing that the circuit court found that the "Anne Arundel County Police Department was not a separate legal entity" subject to suit); *County Council for Montgomery County v. Supervisor of Assessments of Montgomery County*, 274 Md. 116, 123, 332 A.2d 897, 900-01 (1975).

Second, Williams's claims against the State of Maryland are barred under the Eleventh Amendment, which provides that "a State cannot be sued directly in its own name regardless of the relief sought," absent consent or permissible congressional abrogation. *See Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101–02 (1984). Although the State of Maryland has waived sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-201(a), it has not waived immunity under the Eleventh Amendment to suit in federal court in the context of this case. For this reason, Williams's claims against the State of Maryland are barred under the Eleventh Amendment.

Last, absent extraordinary circumstances not alleged here, federal courts do not interfere with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). This doctrine, called *Younger* abstention, recognizes that state courts are capable of deciding federal and constitutional issues without intrusion by federal courts. *See Martin Marietta Corp. v. Maryland Comm'n on Human Relations,* 38 F.3d 1392, 1396 (4th Cir. 1994). Federal district courts should abstain from constitutional challenges to state judicial proceedings if the federal

claims could be presented in the ongoing state judicial proceeding. *See Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52-53 (4th Cir. 1989).

*Younger* abstention is appropriate in cases in which (1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state case. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008) (internal quotation marks omitted). All three elements of the *Younger* test are satisfied here: a criminal proceeding is ongoing in the Circuit Court for Baltimore County; the State of Maryland has an important interest in maintaining the efficient operation of its criminal justice system, without undue federal interference; and Williams may raise his claims of delay in state court.

If Williams intends to attack the criminal charges against him, he must challenge their legitimacy in his state criminal proceeding. *See, e.g., Ballenger v. Owens*, 352 F.3d 842, 845-46 (4th Cir. 2003).

For these reasons, the court will dismiss the complaint, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 42 U.S.C. §1915. A separate Order shall be entered.

April 21, 2017  
Date

_____/s/_____  
Ellen L. Hollander  
United States District Judge